**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILKINS JHONTA JIMENEZ MATOS,** | : | **CIVIL ACTION NO. 1:26-CV-2215** |
| **Petitioner** | : | **(Judge Neary)** |
| **v.** | : | |
| **CRAIG LOWE, WARDEN of FCI Lewisburg** | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by petitioner Wilkins Jhonta Jimenez Matos, seeking his release pending removal proceedings. Matos, a citizen of the Dominican Republic, was scheduled to appear before a master immigration judge on August 31, 2026. (Doc.5 at 7). The court is unable to confirm the outcome of that hearing, as neither party provided the court with the petitioner's "a-number". (See id., explaining that identifier is necessary to look up the petitioner's status). The Government argues that Matos is an "applicant for admission" and so is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which does not provide any mechanism for a detainee's release. (Doc. 10, 18-32). Matos argues that his detention must be construed as arising under 8 U.S.C. § 1226(a), which does so provide, because he is not an "applicant for admission." (Docs. 1, 7).

The Third Circuit Court of Appeals recently issued a precedential decision on this exact topic. Gabriel Buele Morocho v. Warden, Philadelphia FDC, et al, Civ. No.

26-1150, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). In that decision, the court explained the BIA's rule interpretation—that individuals such as Matos were necessarily applicants for admission, as articulated in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025)—was an incorrect interpretation of the governing statutes. Morocho, 2026 WL 2546223 at *3-*5. The court explained individuals such as Matos, who were not "engage[ed] in an ongoing affirmative act to seek admission to the United States" were not subject to Section 1225(b)(2)(A), but rather, Section 1226(a). Id. at *4. The government does not argue here, nor are there facts on the record to support, that Matos was seeking admission when detained. Therefore, because Morocho is binding upon this court, the court considers this petition as arising under Section 1226(a).

In this new light, it is apparent the proper outcome in this matter is for Matos to be immediately released from ICE custody. This comports with this court's past, pre-Morocho precedent (See e.g., Chaudhari v. Rose, Civ. No. 3:26-CV-242, 2026 WL 540378 at *6 (M.D. Pa. Feb. 26, 2026) (ordering the release of a prisoner ostensibly held under Section 1225(b)(2)(A))), and with the result of Morocho, wherein the Third Circuit affirmed the district courts' release of the petitioners. Morocho, 2026 WL 2546223 at *10. The court will grant the writ of habeas corpus and require the government to release petitioner.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania